```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                                              03-CR-6162
     v.                                       05-CV-6381T

DENNIS W. HALE,                               DECISION
                                              and ORDER
                    Defendant.
_____
```

INTRODUCTION

Petitioner, Dennis W. Hale ("Hale"), proceeding pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Hale seeks to have his sentence vacated, set aside or corrected claiming that his Fifth and Sixth Amendment rights were violated because he did not fully understand his sentencing rights, he was induced by fear to enter his plea and he was denied effective assistance of counsel. For the reasons that follow, the petition is denied.

BACKGROUND

On February 17, 2004, Hale entered into a plea agreement agreeing to plead guilty to a one-count Indictment dated October 30, 2003 charging him with a violation of Title 18, United States Code, §§ 922(g)(1) and 924(a)(2), knowing possession of ammunition. On February 17, 2004, Hale plead guilty to the charge and on June 28, 2004, this Court sentenced Hale to a term of incarceration of 37 months followed by three years of supervised release.

On July 22, 2005, Hale filed this petition pursuant to 28 U.S.C. § 2255 to have his sentence vacated claiming: (1) that his plea was not voluntary because (a) he was induced by fear of an enhanced sentence, (b) he did not fully understand his sentencing rights, and (c) he was forced to waive the right to appeal the sentence and conviction; (2) the prosecutor failed to prove intent to commit harm or injury to a person while possessing the shotgun shells; (3) that the shotgun shells are not bullets or ammunition within the meaning of the statute and that the shells did not travel via interstate commerce; and (4) that he was denied effective assistance of counsel.

## DISCUSSION

28 U.S.C. § 2255 authorizes collateral relief when a "sentence was imposed in violation of the Constitution or laws of the United States," when the court "was without jurisdiction to impose such sentence," or when "the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Construing the limited range of issues subject to collateral review, the Supreme Court and the Second Circuit have held that "an error of law does not provide a basis for collateral attack (under § 2255) unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178,

185, 99 S.Ct. 2235 (1979), quoting, Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468 (1962).

    A.   <u>Voluntariness of Plea</u>

Hale explicitly waived his right to appeal or collaterally attack any sentence within the stipulated guideline range. (See Plea Agreement at ¶15) "A defendant's waiver of the right to appeal a sentence within an agreed upon Guidelines range is generally enforceable." United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998)(holding waivers of collateral attacks under § 2255 are similarly enforceable). "When the government negotiates a plea agreement with a defendant that includes waiver of the right to appeal, one benefit the government is supposed to receive . . . is freedom from having to address post-conviction arguments." Latham v. United States, 164 F.Supp.2d 365, 367 (S.D.N.Y. 2001). It "would render the plea bargaining process and the resulting agreement meaningless" if a defendant could appeal a sentence that conforms with the plea agreement. United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).

In only very limited circumstances will a court not enforce a waiver of appellate rights, such as; if the petitioner did not make the waiver knowingly, voluntarily, or competently; the sentence was based on constitutionally impermissible factors; or the sentencing court failed to explain a rationale for its sentence. United

States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000). None of these circumstances exist here. Hale's agreement was entered into knowingly and voluntarily, and with awareness of his waiver of appeal and collateral attack. United States v. Stevens, 66 F.3d 431, 437 (2d Cir. 1995).

Prior to accepting petitioner's plea, the Court questioned petitioner under oath and determined that he was competent to enter a plea. (See Plea at 3) The Court determined that petitioner had sufficient time to discuss the case with his attorney and that he was satisfied with his attorney representation and assistance. (See Plea at 3-4, 8-10) Petitioner acknowledged that he fully understood the plea agreement and that his plea was being made voluntarily. (Plea at 3). The Court directed petitioner's attention to the waiver provision in the plea agreement and was satisfied that petitioner understood that he was waiving his rights to both appeal and to collaterally attack the sentence. (Plea at 7) The Court informed Hale of the consequences of pleading guilty and that the sentence of incarceration would fall within the range of 37 to 46 months. (Plea at 6) Indeed, the Court specifically advised Hale that it was entirely in the Court's discretion whether to accept a downward departure motion. (Plea at 7-8) In view of Hale's statements at the plea hearing, the Court concluded that petitioner

knowingly waived his right to collaterally attack his sentence under 28 U.S.C. § 2255.

Even if this petition were not specifically prohibited by the terms of petitioner's plea agreement, each of his arguments nonetheless fail. Petitioner did not appeal his sentence. To succeed on any of his claims raised in his petition, he would have to demonstrate cause for failing to raise the issue on appeal and the resulting prejudice, or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998); Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1999). Petitioner has not made such a showing.

Petitioner argues that his guilty plea was involuntary because it was induced by an expectation of leniency. The plea colloquy, combined with petitioner's signature on the plea agreement itself, and that he discussed the terms with his attorney, demonstrate that Hale's plea was voluntary, knowing and intelligent. Both the terms of the plea agreement as well as the plea colloquy with Hale unequivocally demonstrate that Hale was aware that it was within the Court's discretion whether to accept any motion for downward departure from the applicable Sentencing Guidelines. Petitioner's attorney specifically mentioned during plea colloquy that he had reserved the right to bring a motion for downward departure and the Court agreed with the caveat that "whether the sentencing judge decides to accept them is something I obviously can't control. And

even if I were the sentencing judge, I couldn't tell you in advance at this stage whether that would occur." (Plea at 7-8) The Plea Agreement specifically sets forth the total offense level and criminal history category applicable to the petitioner stating that the sentencing range of imprisonment would be 37 to 46 months. (Plea Agreement ¶9) The agreement further cautioned that the Court "will ultimately determine the appropriate total offense level and criminal history category" and that Hale would not be "entitled to withdraw [his] plea of guilty because of the Court's failure to adopt any Sentencing Guidelines calculations set forth in this agreement." (Plea Agreement ¶10) Ultimately, the Court did adopt and applied this sentencing range and imposed a sentence of 31 months which was the lowest end of the applicable sentence range.

To the extent that Petitioner argues that he did not understand the nature of the charge or the consequences of his plea, the claim is refuted by Hale's sworn testimony in the record. As set forth above, Petitioner acknowledged that he had a copy of the Indictment, it was summarized to him by the Court, the elements were specifically identified to him and the penalties were explained. The record fully supports the Court's finding at the time of the guilty plea that Petitioner fully understood the nature of the charge and the consequences of the guilty plea.

B.   Effective Assistance of Counsel

Petitioner next argues that his attorney was ineffective by not listening to his requests to not waive his right to appeal. The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms", and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional efforts, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052 (1984).  See also, Rompilla v. Beard, __ U.S. __, __, 125 S.Ct. 2456, 2462; Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527 (2003).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential." Id.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.

Petitioner fails to establish both prongs of the Strickland test.   Where a defendant enters a guilty plea upon counsel's

advice, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. As stated above, the plea agreement was voluntary and knowing and petitioner benefitted from a sentence on the low end of the applicable sentencing guideline range. In order to satisfy the second, or "prejudice", requirement of Strickland, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 368-70 (1985). Even if petitioner could show that counsel failed to inform Petitioner that he could not appeal the sentence, Petitioner did not allege in his habeas petition that, had counsel informed him, he would not have pleaded guilty and insisted on going to trial.

    C.    Underlying Elements

Petitioner claims that the government did not prove that he intended to harm others while in possession of the ammunition nor that he knew it to be illegal to possess ammunition. Neither of these claims are elements of Title 18, United States Code § 922(g)(1). In any event, petitioner acknowledged the elements of 18 U.S.C. § 922(g)(1) in both the plea agreement and the plea colloquy thus supporting the conviction. Petitioner also argues that the shotgun shells are not "ammunition" as defined in the statute. In fact, shotgun shells are ammunition designed to be

fired in a shotgun, which constitutes a firearm. 18 U.S.C. § 921(a)(3), (5) and (17)(a). Again, petitioner acknowledged and agreed that the shotgun shells were ammunition in the plea agreement supporting the conviction.

### D. Motion for Downward Departure

In his supplemental filings, petitioner attempts to reargue his unsuccessful motion for downward departure based on extraordinary family circumstances. This argument was raised and fully considered prior to sentencing by this Court and does not offer a basis for relief pursuant to 28 U.S.C. § 2255.

### CONCLUSION

I determine that petitioner's guilty plea was knowing and voluntary and his claim of ineffective assistance of counsel fails to demonstrate prejudice. Moreover, the other basis for relief in his petition are without merit for the reasons stated above. Therefore, the petition for a writ of habeas corpus is dismissed. Because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed.R.App.P. 22(b), this Court denies a certificate of probable cause. Finally, because it appears that

any appeal would not be taken in good faith, leave to appeal in forma pauperis will be denied.

ALL OF THE ABOVE IS SO ORDERED

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATE: April 25, 2006
Rochester, New York